In re Estate of Smith.

[Cite as In re Estate of Smith (1970), 25 Ohio Misc. 171.]

(No. 717695—Decided December 3, 1970.)

Probate Court of Cuyahoga County.

*Mr. Joseph Gatz*, for executor, Union Commerce Bank.
*Mr. Harold S. Van Schaack*, for Ohio Department of Taxation.

BARTUNEK, J. This matter came before the court upon the exceptions of the Union Commerce Bank as executor of the estate of Freeman A. Smith, deceased, to an order entered January 26, 1970, by the general referee that a certain transfer during decedent's lifetime was subject to the incidence of Ohio Inheritance Tax.

The application to determine inheritance tax listed under schedule 6, "Transfers During Lifetime," the following transfer:

"On April 11, 1967, decedent created an irrevocable trust with Massachusetts Life Fund for the benefit of his

invalid daughter, Sandra Sue Smith. This trust was created by the purchase of 4,744 units of said fund for a total consideration of $60,011.60. Pursuant to the terms of the trust, the trustee is to pay for the benefit of Sandra Sue three hundred dollars ($300) per month for the balance of her lifetime. In addition there is a provision whereby the trustee is given discretion to provide additional amounts for the beneficiary. The remainder interest in this trust, if any, rests in the decedent's other three children.''

This transfer was listed for information purposes and claimed not to be taxable by the estate.

The evidence disclosed that decedent died on January 25, 1968, at the age of 63 years, leaving a net probate estate of $173,779.39, including this $60,011.60 transfer to his daughter, Sandra Sue.

Decedent was a municipal auditor and tax consultant during his lifetime. In June of 1966 he suffered a cerebral vascular stroke which left him partially paralyzed on his left side. Decedent was hospitalized after this stroke, but then returned home about a year later in an improved condition. He remained home until August 29, 1967, at which time he was admitted to Berea Hospital for an exploratory operation which revealed Mr. Smith had a malignant tumor in his left leg, causing his death in January of 1968. The death certificate shows decedent died of a malignant tumor or cancer with the approximate interval between onset and death, being four months. The testimony of Dr. Myron J. Welty, the attending physician in this case, indicated that it was the tumor and not the original stroke which caused death.

Mr. Smith had married his present wife, Eleanor, in July of 1965, several years after the death of his first wife. He had four children by his first wife. An antenuptial agreement was signed by the decedent and Eleanor so they would both retain their respective estates. Sandra Sue, decedent's youngest adult daughter, had cerebral palsy and required intensive care, so that after the death of decedent's first wife, Sandra was placed in Freedom Gardens in New York state.

Mr. Smith was very much concerned about the welfare of his daughter Sandra. Further, he did not want to worry about making payments to Freedom Gardens every month. Therefore, decedent created this irrevocable trust with the Massachusetts Life Fund on April 11, 1967, for the benefit of his invalid daughter. There is evidence that decedent had indicated a desire to create some type of trust prior to his stroke in 1966. Shortly thereafter, on May 30, 1967, decedent made a new will which left his entire estate to his wife Eleanor and his other three children, mentioning in this will that he had already made arrangements for the care of his daughter Sandra. His first will, executed in December of 1962, placed his whole estate in trust for Sandra, with secondary provisions for his other daughter, Patricia Ann.

The court has been asked to decide whether this transfer in trust was a transfer made in contemplation of death under the provisions of R. C. 5731.02(C), which provides:

"A tax is hereby levied upon the succession to any property passing, in trust or otherwise, for the use of a person, institution, or corporation, in the following cases:

"When the succession is to property from a resident, or to property within the state from a nonresident, by deed, grant, sale, assignment or gift made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property:

"(1) In contemplation of the death of the grantor, vendor, assignor or donor;

"(2) Intended to take effect in possession or enjoyment at or after such death."

The burden of proof is upon the estate to prove by a preponderance of the evidence that this transfer was not made in contemplation of death in order to rebut the two-year statutory presumption in R. C. 5731.04. *In re Estate of Walker* (Sup. Ct. 1954), 161 Ohio St. 564.

The Ohio courts, in defining what is meant by contemplation of death, have placed a broader connotation than the courts of other states, as stated in *Tax Commissioner of Ohio* v. *Parker* (Sup. Ct. 1927), 117 Ohio St. 215, 4th paragraph of the syllabus:

"The controlling fact in determining whether a transferor made the transfer of property in contemplation of death is whether the purpose of the transferor was to distribute or partially distribute his estate, or was simply to do an act of generosity or kindness."

There are many factors to consider in this type of case to determine the motives of a donor in making gifts. Yet, in the present case, there was a very strong feeling on the part of the decedent to provide for the special needs of his daughter, Sandra. The case of *In re Estate of Robinson* (Sup. Ct. 1945), 145 Ohio St. 55, on page 62 cites *United States* v. *Wells,* 283 U. S. 102, and a statement by Justice Hughes as follows:

"* * * The purposes which may be served by gifts are of great variety. It is common knowledge that a frequent inducement is, not only the desire to be relieved of responsibilities, but to have children, or others who may be the appropriate objects of the donor's bounty, independently established with competencies of their own, without being compelled to await the death of the donor and without particular consideration of that event. *There may be the desire to recognize special needs or exigencies or to discharge moral obligations.* The gratification of such desires may be a more compelling motive than any thought of death." (Emphasis ours.)

There is evidence here that decedent's health was poor, that his second will was almost contemporaneous with the gift, and that there was a short period of time between this transfer and his death. These are all factors to be weighed in this case. Nevertheless, this court feels that decedent's main concern was to relieve the special needs of his youngest daughter, rather than a desire on his part to make provision for the distribution of his property at death.

In taking all these facts into consideration, the court finds this transfer is not a succession in contemplation of death.

The exceptions of the executor of the estate of Freeman A. Smith, deceased, therefore, are sustained.

*Exceptions sustained.*